UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE TIMES,

Plaintiff,

v.

SCHOOL DISTRICT OF THE CITY OF PONTIAC,

Defendant.

Case No. 26-cv-13055

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Michelle Times commenced this *pro se* employment discrimination and retaliation action pursuant to the Americans with Disabilities Act and the Family Medical Leave Act. The complaint alleges that Pontiac's school district board eliminated Times's position after she took family medical leave to treat an unspecified condition.

Before the Court is Times's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Times's claims fail as a matter of law. With respect to her FMLA retaliation claim, Times must plausibly show that (1) she was engaged in protected activity, (2) her employer knew she was engaged in the protected activity, (3) her employer took an adverse employment action against her, and (4) there was a causal connection between the protected activity and the adverse employment action. *Milman v. Fieger & Fieger, P.C.*, 58 F.4th 860, 867 (6th Cir. 2023). A plaintiff is entitled to FMLA

leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

Times claims that she suffers from a "serious health condition" without specifying the nature of her condition. (ECF No. 1, PageID.1-2, ¶¶ 11, 37). This allegation alone is factually insufficient to establish an FMLA retaliation claim. *See Dhillon v. Cleveland Clinic Found.*, No. 07-3505, 2009 U.S. Dist. LEXIS 27255, at *10 (N.D. Ohio Mar. 31, 2009) (dismissing FMLA claim in part because "[p]laintiff at no time identifies her 'serious medical conditions.'"); *see also Boyce v. New York City Mission Soc'y*, 963 F. Supp. 290, 298 (S.D.N.Y. 1997) (dismissing FMLA claim where "the Plaintiff fails to specify what 'serious health condition' rendered her unable to continue working."); Fed. R. Civ. P. 8(a)(2), (3) (requiring that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought.").

The ADA discrimination and retaliation claims must be dismissed for a similar reason. Because Times did not specify how she is disabled, the ADA claims may not proceed further. *See Smith v. Bd. of Regents of the Univ. of Mich.*, No. 26-1379, 2026 U.S. App. LEXIS 27941, at *3 (6th Cir. Sep. 10, 2026) (affirming dismissal of Title II ADA claim because the plaintiff failed to "identif[y] his disability"). Accordingly,

IT IS ORDERED that Times's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Times may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: October 2, 2026

s/ Robert J. White
Robert J. White
United States District Judge